IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TOMMY TOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV-20-576 |
| ) | |
| CAPITAL RESORTS GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT CAPITAL RESORTS GROUP, LLC'S
NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Capital Resorts Group, LLC ("Capital") hereby gives notice and removes this case to the United States District Court for the Southern District of Alabama, Southern Division. Removal is proper under 28 U.S.C. § 1441(a) because Plaintiff Tommy Tompkins ("Plaintiff") asserts federal law claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's remaining state-law claims for alleged violations of the Alabama Telemarketing Act, Ala. Code § 8-19A-1, *et seq.* ("ATA"), and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA"). Capital's short and plain statement of the grounds for removal is as follows.[1]

**STATE COURT ACTION**

1. Plaintiff filed a Complaint against Capital on or about October 27, 2020 in the Circuit Court of Mobile County, Alabama (the "State Court Action").

---

[1] Capital reserves the right to supplement this notice with additional facts, affidavits, or memoranda if necessary to effectuate removal.

1

2. The State Court Action, Case Number 02-CV-2020-902171.00, is styled as *Tommy Tompkins. v. Capital Resorts Group, LLC*, and is currently pending in state court.

3. In accordance with 28 U.S.C. § 1446(a), attached as Composite **Exhibit A** is a copy of all process, pleadings, orders, and other papers or exhibits currently on file in the State Court Action.

4. Capital was served with the State Court Action on or about November 2, 2020. *See* **Ex. A**.

5. This Notice of Removal is filed within thirty days of service of the State Court Action.

6. The State Court Action arises out of Plaintiff's claims that Capital allegedly violated the TCPA, ATA and ATSA by allegedly making automated telemarketing robocalls to Plaintiff without Plaintiff's prior consent. **Ex. A**, Compl.

7. In the State Court Action, Plaintiff alleges violations of the TCPA, ATA, and ATSA all arising out of the same conduct. Plaintiff seeks an award of statutory damages under the TCPA, an award of statutory damages under Alabama law, a declaratory order that Capital's alleged actions violate the TCPA, a declaratory judgment, and such other and further relief as the Court deems reasonable and just. *See* **Ex. A**, Compl., Prayer for Relief.

8. Count I of Plaintiff's Complaint alleges that Capital either directly or through agents placed telephone calls to Plaintiff's cellular telephone without having obtained prior express written consent, that the calls were made with an automatic telephone dialing system ("ATDS") and/or the use of a prerecorded or artificial voice, that each call violated the TCPA, including 47 U.S.C. §227(b)(1)(A), and that Plaintiff suffered an invasion of privacy and damages entitling

Plaintiff to damages and relief under the TPCA, including under 47 U.S.C. § 227(b)(3). ***Ex. A***, Compl. ¶¶ 41-48.

9. Count II of Plaintiff's Complaint alleges that Capital violated the TCPA, including 47 U.S.C. § 227(c)(3) and the Do Not Call Rule promulgated pursuant to 47 CFR § 64.1200(c)(2). Plaintiff seeks damages under 47 U.S.C. § 227(c)(5). ***Ex. A***, Compl. ¶¶ 49-56.

10. Count III of Plaintiff's Complaint alleges that Capital violated the ATA through its calls to Plaintiff because, according to Plaintiff, Capital is not licensed in Alabama as allegedly required under Ala. Code § 8-19A-5(a) or is affiliated with an unlicensed commercial telephone seller in violation of Ala. Code. § 8-19A-15(c), and because Plaintiff claims Capital never gave Plaintiff the oral disclosures required under Ala. Code § 8-19A-12. ***Ex. A***, Compl. ¶¶ 57-60.

11. Count IV of Plaintiff's Complaint alleges that Capital violated the ATSA by knowingly placing calls, or directing calls to be placed, to Plaintiff in violation of the ATSA and, as a result, Plaintiff is entitled to actual and/or statutory damages as provided in Ala. Code § 8-19C-7.  Plaintiff alleges he has suffered an invasion of a legally protected interest in privacy, that he has objected to receiving telephone solicitation by registering with the Do Not Call Registry. Plaintiff further alleges that Capital violated the ATSA by knowingly utilizing a method to block, or otherwise circumvent, the use of caller identification service thereby obscuring the source of the solicitation calls made to Plaintiff in violation of Ala. Code § 8-19C-5(b).  Plaintiff claims he received multiple calls within a 12-month period in violation of § 8-19C-2(a) and/or § 8-19C-5(b). Plaintiff seeks actual and/or statutory damages. ***Ex. A***, Compl. ¶¶ 61-68.

## **GROUNDS FOR REMOVAL**

12. Removal of this action is proper under 28 U.S.C. § 1441(a) because Plaintiff asserts claims under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See*

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012); *Fabre v. Bank of Am., NA*, 523 F. App'x 661, 664 (11th Cir. 2013); *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) ("[R]emoval to federal court was proper because the district court has subject-matter jurisdiction based on the alleged violations of federal statutes[.]"); *Young v. Midwest Recovery Sys., LLC*, No. 19-0564-KD-MU, 2019 WL 7882532, at *5 (S.D. Ala. Dec. 10, 2019) ("Young's state court Complaint (Doc. 1, Exhibit A, COMPLAINT) certainly appears to allege claims under the FCRA, the TCPA, the HIPPA, as well as a state-law claim of negligence. Given Young's allegations of violations of federal law by Midwest, federal question jurisdiction exists over her action, in accordance with 28 U.S.C. § 1331, and the complaint was properly removed to this Court pursuant to 28 U.S.C. § 1441."); ***Ex. A***, Compl.

13.     Removal is proper where the district court possesses subject-matter jurisdiction over the suit. *Fabre*, 523 F. App'x at 664. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, a defendant may remove a claim to federal court if the case could have been filed in federal court originally. *Boone*, 447 F. App'x at 963.

### This Court has original subject-matter jurisdiction

14.     Plaintiff could have filed the State Court Action in federal court because this Court has original subject-matter jurisdiction over Plaintiff's TCPA claims and supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1331; *Mims*, 565 U.S. at 377; *Boone*, 447 F. App'x at 963.

15. District courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Mims*, 565 U.S. at 377; *Boone*, 447 F. App'x at 963.

16. A claim arises under federal law when the face of the plaintiff's complaint raises federal law claims or presents a federal question. *Fabre*, 523 F. App'x at 664; *Boone*, 447 F. App'x at 963.

17. Here, Plaintiff alleges violations of and seeks relief under the TCPA, which is a federal statute and raises questions of federal law. *See* **Ex. A**, Compl. ¶¶ 1-56, Prayer for Relief; *Mims*, 565 U.S. at 377. Thus, Plaintiff's Complaint establishes federal question jurisdiction, and this Court therefore has original subject-matter jurisdiction over Plaintiff's TCPA claims. *See* 28 U.S.C. § 1331; *Mims*, 565 U.S. at 377 ("Because federal law creates the right of action and provides the rules of decision, [the Plaintiff's] TCPA claim, in 28 U.S.C. § 1331's words, plainly "aris [es] under" the "laws ... of the United States."); *Fabre*, 523 F. App'x at 664; *Boone*, 447 F. App'x at 963.

18. A district court may exercise supplemental jurisdiction over state law claims that form part of the same case or controversy. *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *Boone*, 447 F. App'x at 963.

19. State-law claims form the same case or controversy when they arise out of a common nucleus of operative fact with a substantial federal claim. *Boone*, 447 F. App'x at 963 (citing *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742 (11th Cir. 2006)). The

"constitutional minimum required by section 1367(a)" for a court to exercise supplemental jurisdiction is sufficiently satisfied where "[e]ach claim involves the same facts, occurrences, witnesses, and evidence." *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994) (concluding jurisdiction over state-law claims was within the power of the district court despite the elements and claims being "quite different").

20.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of common operative facts with Plaintiff's TCPA claims and will require the same evidence. *See Palmer*, 22 F.3d at 1566. Capital's alleged unauthorized telephone calls to Plaintiff form the operative facts common for all of Plaintiff's claims. That Plaintiff's claims form the same case or controversy is evidenced by the fact that Plaintiff brought one lawsuit in which Plaintiff includes a single section containing "Factual Allegations," which necessarily includes the factual allegations forming the basis of each and every claim alleged by Plaintiff in the Complaint. *See Ex. A*, Compl. ¶¶ 13-40. Each of Plaintiff's claims is premised upon the alleged unauthorized calls made or directed by Capital to Plaintiff. As such, Plaintiff's claims form part of the same case and controversy and this Court therefore has subject matter jurisdiction over the entire suit.

### Removal is timely

21.  This Notice of Removal is timely filed. Capital was served with the State Court Complaint no earlier than November 2, 2020. This Notice of Removal is filed within thirty (30) days after service of the Complaint. *See* 28 U. S.C. § 1446(b); *see also Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008).

### Additional prerequisites of removal are satisfied

22.  Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the State Court Action is pending within the Circuit Court of Mobile County, Alabama, which is within this

Court's judicial district. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

23. By filing this Notice of Removal, Capital expressly consents to the removal.

24. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a notice of filing of notice of removal, along with a copy of this Notice of Removal, will be promptly filed with the Circuit Court of Mobile County, Alabama, in the State Court Action, and served upon all adverse parties. A copy of the notice is attached hereto as *Exhibit B*.

25. Capital reserves the right to submit additional evidence in support of removal as appropriate in future circumstances, or to amend this Notice of Removal.

### Reservation of Defenses

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Capital's rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure or any state or federal statute, or otherwise.

WHEREFORE, Defendant Capital Resorts Group, LLC hereby removes this action to the United States District Court for the Southern District of Alabama, Southern Division.

Dated:  December 1, 2020

Respectfully submitted,

   /s/ Halron W. Turner
HALRON W. TURNER (TURNH9339)
Turner, Onderdonk, Kimbrough,
 Howell, Huggins & Bradley, PA
13212 West Central Avenue
Post Office Drawer 1389
Chatom, Alabama 36518
Telephone:  (251) 847-2237
Facsimile:  (251) 847-3115
Email:  hwt@tokh.com

**Attorneys for Defendant**
**Capital Resorts Group, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2020, I electronically filed the foregoing document with the Clerk of the Court utilizing the CM/ECF system, which will send notification of such filing to all registered counsel of record as listed below.

   /s/ Halron W. Turner
HALRON W. TURNER
**Counsel for Defendant**

**Counsel of Record**:

Earl P. Underwood Jr., Esq. (epunderwood@alalaw.com)

8